MATTER OF W—

In EXCLUSION Proceedings

A-10197638

*Decided by Board July 5, 1960*

Waiver of excludability—Section 5, P.L. 85–316—Separation from citizen spouse not "extreme hardship"—Discretionary elements.

(1) Mere separation from citizen spouse does not establish "extreme hard-ship" within the meaning of section 5 of P.L. 85–316 where there are no children of the marriage (which occurred after comparatively brief ac-quaintance of the parties) and respondent's wife is not dependent upon him for support.

(2) Denial of section 5 application is also warranted as a matter of discre-tion where applicant was convicted as recently as 1959 of second degree burglary and grand larceny, has an unsatisfactory employment record, and obtained his visa without disclosing his criminal record.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of crimes involving moral turpitude—Burglary, second degree; larceny.

## BEFORE THE BOARD

DISCUSSION: The motion seeks reconsideration of the Board's order of January 29, 1960, which found appellant excludable and denied him a section 5, Public Law 85–316, waiver. The special inquiry officer excluded him on the ground stated above and denied the waiver, finding that appellant failed to establish that his exclu-sion would result in "extreme hardship" to his wife. The Board stated that the special inquiry officer had decided correctly that ex-treme hardship does not exist, and that Congress intended, by use of the expression "extreme hardship," that there be established more than the existence of mere hardship caused by family separation. The reargument revolved mainly around the Congressional intent expressed by the statute and the proper standard to be applied in granting or denying the waiver.

Appellant is 26 years old, married, male, a native of the British West Indies and a British subject, married on September 3, 1958, to a United States citizen who was vacationing in the Virgin Islands. It is not necessary to completely review this record. The facts have been stated repeatedly. Appellant was first given voluntary depar-

1

ture at St. Thomas, V.I., on December 15, 1955. He was readmitted temporarily as a nonimmigrant worker on December 16, 1957. He was admitted to work for one hotel and he took other employment without obtaining permission of the Immigration and Naturalization Service. He was again given voluntary departure at St. Thomas on March 25, 1959, because he had failed to comply with the conditions of the nonimmigrant status in which he was admitted.

On April 8, 1959, appellant was found guilty of burglary in the second degree and grand larceny, committed on or about March 3, 1959. The judge of the District Court of the Virgin Islands imposed sentence of one year, suspended, and placed appellant on probation for one year on condition that he make full restitution. At the time of the imposition and the suspension of sentence, the court found and recommended that in view of the circumstances of the case the sentence should not be used as a basis for appellant's deportation from the Virgin Islands. The judge of the District Court set forth these facts in a letter addressed to the Officer-in-Charge, Immigration and Naturalization Service, at St. Thomas, on April 16, 1959, and sent a copy of his letter to appellant's attorney.

The special inquiry officer found, and this Board sustained the finding, that the court's recommendation was not valid, in that the court did not give the "due notice . . . prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, *who shall be granted an opportunity to make representations in the matter*," as provided by section 241(b) of the Act. Counsel contends that if the court's recommendation against deportation fails, it fails solely by reason of a technicality, and that it is just such a technicality that Congress and the administration sought to waive by the enactment of section 5, Public Law 85–316.

It is a case such as this that demonstrates the reason that Congress provided for notice to the Service and other interested parties prior to the court's making such a recommendation. There is nothing to show that if the Service had had advance notice and the opportunity of bringing to the court's attention all the unfavorable factors in the record, that the judge would not have adhered to the opinion expressed in his letter to the Immigration Service dated April 16, 1959. Counsel at the criminal prosecution produced friends of appellant and the minister from his church to testify to his overall good character. However, the character investigation made by the Immigration Service after the criminal prosecution was completed discloses some unfavorable factors. It shows that appellant has had a number of different jobs in a brief period in the Virgin Islands and is described by five of his former employers as bad tempered, insolent, and hard to get along with. It was stated by three of them that he gambled on the job. It is quite possible that

2

appellant would experience difficulty in retaining permanent employment in the United States due to these unfortunate personality factors. The Immigration Service, had it made representations to the court, undoubtedly would have pointed out that the criminal charge was not the basis of appellant's being deported because he was already under an order to depart voluntarily, in lieu of deportation, for having failed to comply with the conditions of the non-immigrant status under which he was admitted.

The provisions regarding recommendations against deportation by the courts under both section 241(b)(2) of the 1952 Act (8 U.S.C. 1251(b)(2)) and under section 19(a) of the 1917 Act have been strictly interpreted both by the courts and by us. In addition to *Matter of I—*, 6—426, and *Matter of J—*, 7—580, cited by the special inquiry officer, there are *Matter of B—*, 7—227, and *Matter of L—*, 8—389, the latter citing cases. These decisions all conclude that the provisions of the statutes as to timeliness, notice, *etc.*, must be scrupulously complied with. In deciding the propriety of granting the waiver, we give the court's opinion substantial weight in conjunction with other factors.

Appellant departed from the United States on April 18, 1959, at which time he went to Port of Spain, Trinidad, to obtain the immigrant visa for which he had previously applied. This visa states, "I am the husband of a United States citizen and the beneficiary of VP 3–I–135125 filed on September 16, 1958, approved on December 16, 1958, at New York." The visa was issued to him April 28, 1959, and he again arrived at St. Thomas on May 3, 1959. His visa contains the following statements: "32 (A) I have been arrested, charged, indicted, or convicted of a crime. A. No," and "35 (7) I have been convicted of, or I admit committing, a crime involving moral turpitude. A. No." Appellant was asked if he gave this information and circled the answers himself, and he answered that he talked to a female secretary at the United States Consulate on April 28, 1959, the date his visa was issued, that he read the application before he signed it, that he does not recall being asked any of those questions. Many of appellant's answers do not appear in the record because the hearing was evidently taken on an electronic dictating machine, and many of the answers appear only as "unintelligible." However, he apparently then stated it was in January that he gave the information, and that he was not asked for any more information when he returned to Trinidad for his visa in April. The offenses of burglary and larceny took place in March, and the conviction and sentence on April 8, 1959. The special inquiry officer said to appellant, "And no one asked you whether since February 2, 1959, the date the Department of Public Safety record was given to you, whether after that date you had ever been convicted of any

crime?" Appellant answered, "No." Q. "And you didn't volunteer that information? In other words, you didn't tell anyone at the consulate that you had been convicted in this court here in St. Thomas in April? A. (Unintelligible)." It may be assumed that appellant would not have been given this visa at the time he received it, had he disclosed to the American Consulate in Trinidad his recent conviction. He would have been ineligible to receive a visa without first obtaining the waiver for which he now applies.

The most recent oral argument before the Board, and also our last decision in this matter, went off primarily on a discussion of what constitutes "extreme hardship" sufficient to satisfy the requirements of section 5, Public Law 85–316. Again we find that this record does not establish that appellant's exclusion will result in extreme hardship to his United States citizen wife. There are no children to be considered, and she is not dependent upon appellant for support. However, it is our present opinion that the refusal to grant the waiver primarily on the ground that the appellant has not shown that his wife would suffer "extreme hardship" by being deprived of his company was limiting the denial of the waiver to too narrow a ground.

In addition to a showing that his exclusion would result in extreme hardship to his United States citizen wife, section 5(1)(B), Public Law 85–316, requires a positive finding that the admission to the United States of this alien "would not be contrary to the national welfare, safety, or security of the United States; and (2) if the Attorney General, *in his discretion*, and pursuant to such terms, conditions, and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa and for admission to the United States." It is said, in appellant's behalf, that he had a quarrel with his employer the night before he took the $600 from the office of the hotel where he was employed, and that he committed the larceny in anger. Appellant was not a juvenile on March 3, 1959, being more than twenty-five years old. Sufficient time has not elapsed for appellant to have demonstrated rehabilitation and reform.

The grant or denial of the waiver does not turn only on the issue of the meaning of "extreme hardship." We have considered and reviewed the entire record, and it is our decision that appellant does not merit the exercise of the discretion contained in section 5, Public Law 85–316. The unfavorable aspects of the investigative report, the fact that appellant has an illegitimate child, the fact of his conviction for crimes involving moral turpitude, the fact that five former employers had serious complaints against him, and the fact that he procured his visa without disclosing a criminal conviction which had taken place within the same month, must all enter into

4

our decision. In assessing the degree of hardship, it is also proper to note that appellant and his wife married on comparatively brief acquaintance, and that he has no other ties, family, business, social or sentimental, in the United States. On the basis of the entire record, the motion for reconsideration of our order of January 29, 1960, excluding appellant and denying him a section 5, Public Law 85–316, waiver is denied.

**ORDER:** It is ordered that the motion for reconsideration be and is hereby denied.