MATTER OF HWANG

In DEPORTATION Proceedings

A-8902909

*Decided by Board February 4, 1964*

Respondent, A 32-year-old unmarried native of China, who has been in the United
States since his entry in 1955 as a student and who has no one here who would
be adversely affected by his departure, has not established that his deportation
to Formosa would, within the meaning of section 244(a)(1), Immigration and
Nationality Act, as amended, result in "extreme hardship" on the basis of
possible unavailability of suitable employment because of his nonuse of the
Chinese language and his lack of a college degree or of a trade skill.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmi-
grant—Remained longer.

The respondent, a native of China, appeals from an order entered
by the special inquiry officer on October 7, 1963, granting him the
privilege of voluntary departure in lieu of deporation as an alien who
after entry as a nonimmigrant student remained longer than per-
mitted. Exceptions have been taken to the denial of the respondent's
application for suspension of deportation under section 244(a)(1) of
the Immigration and Nationality Act as amended by the Act of
October 24, 1962 (Public Law 87–885 (8 U.S.C. 1254(a)(1))).

The respondent, male, 32 years of age, unmarried, last entered the
United States at San Pedro, California, on or about September 22,
1955. He was admitted as a nonimmigrant student and was authorized
to remain in the United States until January 29, 1962. He has re-
mained in the United States beyond the time for which he was admitted
and he concedes deportability on the charge set forth in the order to
show cause.

The appeal before us is directed to the denial of the respondent's
application for suspension of deportation, filed on January 21, 1963,
pursuant to the provisions of section 244(a)(1) of the Immigration
and Nationality Act as amended by the Act of October 24, 1962

(Public Law 87–885). The special inquiry officer after due consideration of the respondent's application finds that he meets the following statutory requirements of the amended statute. The respondent has been physically present in the United States for a continuous period of not less than seven years. The respondent has been a person of good moral character for the statutory period of seven years. The respondent is not deportable on a charge contemplated within section 244(a)(2) of the Immigration and Nationality Act as amended.

The special inquiry officer concludes, however, that the respondent's deportation would not result in "extreme hardship," a term used for the first time in the amended version of section 244(a)(1) (supra). Prior to the amendment the degree of hardship was described in all five paragraphs of section 244(a) as "exceptional and extremely unusual." This degree of hardship was retained in paragraph (2) of the amended version of section 244(a) which relates to suspending the deportation of aliens deportable as undesirables, subversives and criminals.

The principal issue presented on appeal is whether the special inquiry officer erred in concluding that the respondent is ineligible for the relief provided by section 244(a)(1) because his deportation does not meet the test of "extreme hardship" as that term is used in the amended statute. Among the reasons assigned by the special inquiry officer in support of his conclusion are the following. The respondent is not married and there are no members of his immediate family residing in the United States. There is no one in the United States dependent upon him for support.

The respondent's widowed mother and one brother reside on Formosa. His brother is employed by the Chinese Nationalist Government. His mother receives a pension from the Nationalist Government based upon her husband's service in the Control Yuan. The respondent testified that he occasionally sends his widowed mother a few dollars. He also testified that when he entered the United States as a student he intended to return to Formosa upon the completion of his education (p. 13).

The respondent last attended the University of Southern Illinois in December 1961. During the more than eight years the respondent has been in the United States he has earned "around a hundred thirty-five" credit hours (p. 8) and has attended three different colleges. He testified that he was dropped by the University of Illinois in 1956 or 1957 because of poor grades (p. 8). His record at the University of Southern Illinois also reflects poor grades (Ex. 4). The respondent attributes his mediocre scholastic record to his "poor English" (p. 8).

The respondent testified that he is not attending school "because I haven't got funds to continue my study . . ." (p. 13). During his

residence in the United States he has had summer employment at two hotels, a store, and since January of 1962 he has been employed by the Allied Radio Corporation of Chicago, Illinois, as a stockman earning $75 per week (Ex. 2).

Counsel for the respondent maintains that Congress intended to lessen the degree of hardship required to qualify for suspension of deportation under paragraph (1) of section 244(a) as amended when they substituted the word "extreme" for the term "exceptional and extremely unusual" in referring to the specified type of hardship envisaged by the Act of October 24, 1962 (Public Law 87–885). Counsel argues that the respondent has met the burden of establishing his eligibility for the discretionary relief he seeks. Counsel has referred to the following factors in support of the respondent's claim that his deportation would result in extreme hardship within the meaning of section 244(a) (1) as amended:

(a) Deportation of the respondent would prevent him from completing his undergraduate college training and his post-graduate work in higher mathematics. Respondent has already earned 135 hours of college credit.

(b) Respondent has resided in the United States more than seven years; has become fluent in the English language, and has made a good record in his studies and in his employment.

(c) If deported, it would be extremely difficult to obtain a visa to return to the United States because of the limited quota.

(d) Respondent has limited funds and it would be an extreme hardship to have to return to China to apply and wait for a visa, and then make the return trip to the United States.

(e) The maximum use of respondent's college training and anticipated post-graduate work would be found here in the United States where there is great need for specially trained mathematicians.

(f) Respondent's father died in September 1962 and respondent now contributes to the support of his mother. If respondent were deported, the availability of suitable employment on Formosa would be doubtful because of respondent's nonuse of the Chinese language and his lack of a college degree or of a trade skill. Said factors would probably confine his employability to that of an unskilled laborer.

As originally written Public Law 87–885[1] provided relief from deportation by advancing the cut-off date from June 28, 1940, to December 24, 1952, for all aliens eligible for registry under section 249 of the Immigration and Nationality Act. However, when the legislation was considered in conference it was rewritten to achieve the same result by suspending deportation rather than creating a record of lawful entry. The conferees on the report of the House of Representatives commented that the amendment of section 244 "is designed to

---

[1] Section 4, Senate Bill 3361, 87th Cong., 2d Sess., 1962.

achieve the purpose envisaged by the Senate in a modified manner"[2] and in addition would permit Congressional review of the relief granted aliens by the Attorney General. According to the conferees from the House of Representatives the proposed language of the amendment of section 244(a) also envisaged "the showing of (a) specified type and degree of personal hardship which might occur in the absence of such relief."[3]

The personal privation contemplated in a situation characterized by "extreme hardship" within the meaning of the statute is not a definable term of fixed and inflexible content or meaning. It necessarily depends upon the facts and circumstances peculiar to each case. We are concerned with an alien who was permitted to enter the United States as a student in 1955 for the purpose of acquiring an education. His admission for this purpose contemplates his departure from the United States upon his failure to maintain the status of a student.

The respondent maintains that his return to the country whence he came would result in extreme hardship to him despite the fact that he concedes that he intended to return to Formosa at the time he entered in 1955. He seeks permanent resident status in order that he may complete his undergraduate courses and then do post-graduate work in higher mathematics. His desire in this regard does not appear to be consistent with his testimony that he does not have sufficient funds to complete his education. His past record as a student is not in accord with such an ambitious graduate program. Furthermore, the allegation that he would find here in the United States rather than in Formosa the maximum use of his present training and anticipated post-graduate work in the field of mathematics is not in accord with his current employment as a stockman.

The evidence in our judgment does not support the respondent's claim that his return to Formosa would result in extreme hardship to him financially because suitable employment in Formosa would be doubtful due to the respondent's nonuse of the Chinese language and his lack of a college degree or of a trade skill. The respondent with some 135 semester credit hours should be in a better competitive position for employment in Formosa than when he entered the United States in 1955. The claim that nonuse of the Chinese language during his residence in the United States is a factor which would cause him extreme hardship upon his return to Formosa is not consistent with the evidence of record that he was a member of Chinese student organizations at the University of Southern Illinois and the University of Illinois (Ex. 2). It is inconceivable that the Chinese language was not spoken

[2] The conferees were referring to the liberalizing of section 240 by advancing the cut-off date.

[3] See p. 4029, U.S. Code Cong. & Adm. News, 87th Cong., 2d Sess.

at the meetings of Chinese student organizations during the five or more years the respondent attended these institutions.

We do not dispute counsel's argument that Congress intended to lessen the degree of hardship required to qualify for suspension of deportation when they amended paragraph (1) of section 244(a) by Public Law 87-885. The term "extreme hardship," however, admits of varying degrees of severity. The limits of personal deprivation and economic detriment contemplated in the term "extreme hardship" cannot be stated in a hard and fast rule. It is conceivable that the return of an alien who was admitted as a foreign student to the country whence he came may result in "extreme hardship" within the meaning of section 244(a)(1), as amended.

Section 244(a)(1) contemplates that within certain limits the Attorney General may exercise his discretion to suspend the deportation of aliens whose removal from the United States would result in "extreme hardship" to them. We are of the opinion, however, that the facts and circumstances of respondent's case do not affirmatively establish "extreme hardship" if he returns to Formosa. There are no substantial equities in his case except those arising from the fact that he was admitted as a student and permitted to remain in the United States for more than the statutory period of seven years required for eligibility under section 244(a)(1), as amended. He has no relatives in the United States who would be adversely affected by his departure. He, in our judgment, should be in a better position to obtain employment in Formosa than when he entered the United States. These factors do not support a finding of "extreme hardship" within the meaning of section 244(a)(1). The appeal will be dismissed.

ORDER: It is directed that the appeal be and the same is hereby dismissed.