MATTER OF SHAUGHNESSY

In Deportation Proceedings

A-10229265

*Decided by Board July 29, 1968*

(1) The term "would result in extreme hardship" as used in section 212(h) of the Immigration and Nationality Act, as amended, encompasses both present and future hardship.

(2) "Extreme hardship" to an alien himself cannot be considered in determining eligibility for a section 212(h) waiver of inadmissibility.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude after entry, to wit: breaking and entering and larceny (Mass. 1966); larceny (Mass. 1966); three counts of receiving stolen goods (Mass. 1966); possession of burglary tools (Mass. 1966); possession of burglary instruments (Mass. 1966); attempted to break open a safe (Mass. 1966).

ON BEHALF OF RESPONDENT:
John F. Buckley, Esquire
339 Main Street
Worcester, Mass. 01608

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The respondent, a native of England and a citizen of Erie, has been found deportable as a criminal alien under the provisions of section 241(a)(4) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(4)). An order entered by the special inquiry officer on February 27, 1968 waived the criminal grounds of exclusion pursuant to the authority contained in section 212(h) of the Immigration and Nationality Act and adjusted the respondent's immigration status pursuant to the authority contained in section 245 of the Immigration and Nationality Act, as amended (8 U.S.C. 1255). The trial attorney excepts to the grant of a waiver under section 212(h) and the adjustment of the respondent's immigration status pursuant to the provisions of section 245 of the Act. He appeals from the order entered by the special inquiry officer on February 27, 1968.

The respondent, an unmarried male alien, 20 years of age, was admitted for permanent residence at the port of Boston, Massachusetts, on April 26, 1957. He was 10 years of age at the time he was admitted with his mother and father.

The respondent was convicted on July 26, 1966 in the Superior Court, Worcester County, Worcester, Massachusetts of (a) breaking and entering and larceny committed on October 4, 1965 in Worcester, Massachusetts; (b) larceny committed on October 4, 1965 in Worcester, Massachusetts; (c) receiving stolen goods committed on November 4, 1965 in Worcester, Massachusetts; (d) receiving stolen goods committed on November 13, 1965 in Worcester, Massachusetts; (e) receiving stolen goods committed on November 23, 1965 in Worcester, Massachusetts; (f) possession of burglarious tools committed on November 10, 1965 in Auburn, Massachusetts; (g) possession of burglary implements committed on July 22, 1966 in Millbury, Massachusetts; and (h) attempt to break open a safe in violation of section 21, Chapter 265, General Laws of Massachusetts, committed on July 2, 1966 in Millbury, Massachusetts.

The respondent concedes that all of the factual allegations contained in the order to show cause are true and his admissions are supported by the records of his conviction. The record establishes by clear, unequivocal and convincing evidence that the respondent is deportable as charged in the order to show cause. The major crimes [1] committed by the respondent involve moral turpitude and do not involve a single scheme of criminal misconduct.

The respondent applied for an adjustment of his status under section 245 of the Immigration and Nationality Act, as amended, in conjunction with a waiver of his criminal record as a ground of inadmissibility under section 212(h) of the Act. The respondent in the absence of a waiver is excludable under section 212(a)(9) of the Immigration and Nationality Act, as amended, in that he is an alien who has been convicted of crimes involving moral turpitude.

The respondent at the time of the hearing was the unmarried minor child of two naturalized United States citizens. He was born on March 2, 1947 and became 21 years of age on March 2, 1968. He is the beneficiary of a visa petition filed in his behalf by his mother which has been approved by the District Director, thereby granting him the status of an immediate relative of a United States citizen under the

---

[1] We need not reach a conclusion as to whether the possession of burglar implements as defined by Chapter 266, section 49 of the Massachusetts Criminal Code involves moral turpitude since the respondent has been convicted of six crimes which inherently involve moral turpitude.

provisions of section 201(b) of the Immigration and Nationality Act, as amended (8 U.S.C. 1151(b)).

Section 212(h) of the Immigration and Nationality Act provides the Attorney General with discretion to waive the inadmissibility of criminal aliens and prostitutes who are the spouse or minor children of United States citizens or aliens admitted for permanent residence provided the alien establishes to the satisfaction of the Attorney General that his exclusion "would result in extreme hardship" to the United States citizen or lawfully resident alien spouse, parent, son or daughter of such alien and the admission of such alien would not be contrary to the national welfare, safety or security of the United States. The Attorney General must consent to the alien's applying or reapplying for a visa and for admission to the United States.

The special inquiry officer concedes that the exclusion of the respondent from the United States would not entail extreme hardship to his parents. Both parents testified that they are naturalized citizens of the United States; that they are self-supporting and that the respondent has never contributed to their support although he earned salaries as high as $110 to $115 per week. The respondent's parents are separated and under the terms of the separation agreement, the father supports the two younger children but contributes nothing to the support of the mother. There is no provision in the separation agreement for the support of the respondent.

The special inquiry officer reasoned that under ordinary circumstances, he would find the respondent statutorily ineligible for a waiver under section 212(h), but that since he (respondent) would soon reach his majority (March 2, 1968), he would be precluded from the grant of a waiver as the minor child of a United States citizen. After considering this and other factors, the special inquiry officer concluded for the purpose of this decision only that the respondent's exclusion would result in extreme hardship to his parents because each parent is afflicted with a physical condition which might potentially interfere with his or her future employment and both the parents and the respondent have testified that he (respondent) will contribute to their support in accordance with his means and their needs if the occasion ever arises. The respondent's mother testified that she is now in reasonably good health, but suffers from a thyroid condition which may affect her future earnings. The respondent's father testified he is now in good health but has a tendency to be diabetic and that other members of his family have case histories of diabetes.

The Service maintains that since there is no showing of record that there is a reasonable or strong probability that either one of

the respondent's parents would have need for the respondent's support in the foreseeable future then the finding of extreme hardship should be based upon the present need of the citizen parents and not upon prospective, problematical or conjectural hardship. We note, however, that the former section 5 of the 1957 Act (Public Law 85–316) and Section 212(h), as amended, uses the language "would result in extreme hardship." The term "would result" encompasses both present and future hardship.

The language "would result in extreme hardship" which appears in section 212(h) is also found in section 244(a)(1) of the Act, as amended October 24, 1962. This Board has said that "The personal privation contemplated in a situation characterized by 'extreme hardship' within the meaning of section 244(a)(1) is not a definable term of fixed and inflexible content or meaning. It necessarily depends upon the facts and circumstances peculiar to each case." *Matter of Hwang*, 10 I. & N. Dec. 448, 451, BIA, 1964. We have also interpreted the term "extreme hardship" as used in section 5 of the 1957 Act (Public Law 85–316), the predecessor of section 212(h) of the amended 1952 Act to mean more than the existence of mere hardship caused by family separation. *Matter of W—*, 9 I. & N. Dec. 1 (BIA, 1960).

Basically, we believe that the facts and circumstances peculiar to each case should control when interpreting what amounts to "extreme hardship" within the meaning of section 212(h). Unlike section 244(a) (1) and (2), the statute makes no provision for the hardship which inures to an alien by reason of his exclusion. Such hardship is not a factor which may be considered. The fact that the respondent will soon reach his majority and thereby lose his eligibility for a waiver under section 212(h) as the child of a United States citizen may be a hardship for the respondent. However, the statute makes no provision for "extreme hardship" to the alien and for this reason it cannot be considered in reaching a conclusion as to eligibility for relief under section 212(h). Furthermore, in this particular case there is no showing of either present hardship or any hardship that "would result" in the foreseeable future to the respondent's parents by reason of their alleged physical defects in the event the respondent was excluded. Accordingly, the facts and circumstances of this particular case do not support a finding of eligibility for a waiver under section 212(h) of the Immigration and Nationality Act as an alien whose exclusion "would result in extreme hardship" to his citizen parents.

Section 212(h) provides that an applicant for a waiver must establish that his admission "would not be contrary to the national

welfare, safety or security of the United States." The special inquiry officer in his opinion refers to the fact that the respondent has been convicted of several serious crimes committed when he was 18 and 19 years of age; that he is now serving a two-year sentence for attempting to break open a safe and that the respondent is unable to show a period of rehabilitation. When an alien has been convicted of aggravated felonies such as those committed by the respondent, we believe that there should be a reasonable showing of rehabilitation before there can be a finding that his admission would not be contrary to the national welfare, safety or security of the United States. Since the respondent is clearly ineligible for a waiver under the "extreme hardship" provision of the statute, no purpose would be served in reaching a conclusion as to whether his admission would be contrary to the national welfare, safety or security of the United States.

The respondent is statutorily ineligible for voluntary departure as he is precluded from establishing his good moral character by the provisions of section 101(f)(3) and (7). An order of deportation will be entered.

ORDER: It is directed that the order entered by the special inquiry officer on February 27, 1968 granting the respondent a waiver of criminal grounds of exclusion pursuant to section 212(h) of the Immigration and Nationality Act and adjusting his immigration status under the provisions of section 245 of the said Act be and the same is hereby withdrawn.

*It is further ordered,* That the respondent be deported to the Republic of Eire and in the event that country declines to accept him, then to England on the charge stated in the order to show cause excluding the crimes of possession of burglarious tools and burglar implements for which he was convicted in the State of Massachusetts in 1966.