## MATTER OF H—

### In Section 212(h) Proceedings

### A–12516129

*Decided by Regional Commissioner August 24, 1972*

"Extreme hardship" within the meaning of section 212(h) of the Immigration and Nationality Act, as amended, is established where applicant's United States citizen spouse is 81 years of age and has already endured a 15-year exile from the United States to remain with the applicant in Mexico. Inasmuch as applicant has established complete reformation from the activities which rendered her excludable and the stability of the relationship between the applicant and her citizen spouse has been satisfactorily demonstrated, her application for a waiver of the ground of excludability pursuant to section 212(h) of the Act is granted.

ON BEHALF OF APPLICANT: L. A. Velarde, Jr.
United States Catholic Conference
Division of Migration & Refugee Services
700 S. Santa Fe
El Paso, Texas 79901

This case is before the Regional Commissioner on appeal from the decision of the District Director, Mexico City, who on April 13, 1972 found that exclusion of the applicant would not result in extreme hardship to her United States citizen husband and denied her application for waiver of excludability.

The applicant is a 42-year-old married female, a native and citizen of Mexico residing in Juarez, Mexico with her United States citizen husband and her 14-year-old illegitimate Mexican citizen daughter who has been adopted by her husband. She has never resided in the United States. The American Consul, Juarez, Mexico, on October 8, 1971 found her to be eligible to receive an immigrant visa in all respects except for her excludability under section 212(a)(12) of the Act. This excludability stems from the fact that she had practiced prostitution in Juarez, Mexico from 1952 to about 1956 or 1957. She has stated she practiced prostitution in order to help support her sister who had twelve children.

The applicant's husband, 81 years of age, was born in Massachusetts and was employed by a manufacturing company in Massa-

185

chusetts until his retirement in 1957. Upon retirement he came to El Paso, met the applicant in Juarez, Mexico, and in that same year, 1957, started living with her in Juarez and then married her on May 15, 1970. His current income consists of $168.00 per month in social security payments and approximately $410.00 per month in stock dividends and bank interest. He estimates the total value of his estate to be approximately $100,000.00. Most of his assets are invested in various stocks which are listed for the record. He has been living in Juarez with his wife and adopted daughter and has been providing full support for the two of them since 1957. On July 9, 1971 he filed a petition in behalf of the applicant as the spouse of a United States citizen. This petition was approved on July 21, 1971.

The District Director in his decision of the case now before us stated:

There is no particular hardship caused to the principal relative as a result of the applicant's exclusion from the United States. He is retired and has voluntarily lived with the applicant in Ciudad Juarez since 1957; therefore, there is no separation of family. He has sufficient income and resources to support the family without working in the United States. In fact, as a retiree, it is probably to his financial advantage to live in Mexico due to the lower cost of living as compared to that in the United States.

We do not find that the facts and circumstances in the case warrant the denial of the application. In the *Matter of Hwang*, 10 I. & N. Dec. 448, in a discussion of the term "extreme hardship", it is stated:

The personal privation contemplated in a situation characterized by "extreme hardship" within the meaning of the statute is not a definable term of fixed and inflexible content or meaning. It necessarily depends upon the facts and circumstances peculiar to each case.

In the case before us we are not considering an 81-year-old United States citizen, never previously married, who late in life finds a compatible companion and begins living with her in 1957 and knowing her past history was still content to enjoy her company and her care and in return he provided her and her child, not adopted by him, his full support. She was excludable and he could not bring her to the United States to live with him. He then married her, petitioned for her as his spouse and made her eligible to apply for waiver of her excludability. His residence in Mexico is not necessarily voluntary. He wants to live with his wife and at present can only live with her in Mexico. He can live with his wife in the United States only if the present application is granted and she is granted a visa and admitted to the United States. That he wants to and intends to live in the United States where he lived until 1957 is evidenced by the fact that he married her, petitioned for her as his wife and now is awaiting final Service decision on

her application for waiver of excludability which, if granted, will make his wants possible.

Considering the age of the applicant's United States citizen spouse, the demonstrated stability of his relationship with the applicant and the fact that he has already experienced a 15-year exile from the United States in order to remain with the applicant, it is concluded that he has already endured hardship and would continue to endure considerable hardship in the future if the benefit he seeks is withheld. In the *Matter of Shaughnessy,* 12 I. & N. Dec. 810, it is pointed out that "the term 'would result in extreme hardship' as used in section 212(h) of the Immigration and Nationality Act, as amended, encompasses both present and future hardship".

The applicant's husband has a monthly income of $578.00 and $100,000.00 in stocks and bonds. He is financially well able to maintain and support himself and family in the United States for the remaining years of his life. We cannot in good conscience find that he is voluntarily living in Mexico for economic reasons. The applicant has undergone a complete rehabilitation. Other than her activities as a prostitute before she met her husband, there is no derogatory information whatsoever.

Considering all the evidence and circumstances in the case, we find that the record satisfactorily establishes that the exclusion of the applicant would result in extreme hardship to her United States citizen spouse as contemplated by section 212(h) of the Act and that admission to the United States would not be contrary to the national welfare, safety or security of the United States. We find that the favorable exercise of the Attorney General's discretionary authority is fully warranted. The appeal will be sustained and the application granted.

ORDER: It is ordered that the appeal be sustained and the application granted.