## MATTER OF NGAI

### In Proceedings for a Waiver of Grounds of Excludability

#### A-23118290

*Decided by Commissioner July 31, 1984*

Approval of an application for a waiver of a bar to admission pursuant to section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (1982), is dependent in part upon a showing of extreme hardship, and thus only in cases of great actual or prospective injury to a qualifying party will the bar be removed.

ON BEHALF OF APPLICANT:   Joe M. Chan
                                     450 Grant Avenue #201
                                     San Francisco, California 94108

The application was denied by the district director, Hong Kong, which decision has been appealed.

The applicant is a Chinese national born in 1927. She is an applicant for an immigrant visa based on an approved visa petition filed by her husband, a permanent resident of the United States. She has been found to be excludable from the United States pursuant to section 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9) (1982), which provides, in part, for the exclusion of aliens who have been convicted of crimes involving moral turpitude. The applicant was found so excludable as a result of a 1974 conviction in Hong Kong of obtaining property by deception in that she was an accomplice to defrauding money from persons by promising to introduce them to United States citizens for the purpose of arranging marriages and immigration to the United States.

The applicant filed the instant application, seeking that this permanent bar to her admission be waived as provided in section 212(h) of the Act, which provides:

Any alien, who is excludable from the United States under paragraphs (9), (10), or (12) of this section, who (A) is the spouse or child, including a minor unmarried adopted child, of a United States citizen, or of an alien lawfully admitted for permanent residence . . . shall, if otherwise admissible, be issued a visa and admitted to the United States for permanent residence (1) if it shall be established to the satisfaction of the Attorney General that (A) the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident

spouse, parent, or son or daughter of such alien, and (B) the admission to the United States of such alien would not be contrary to the national welfare, safety or security of the United States; and (2) if the Attorney General, in his discretion, and pursuant to such terms, conditions, and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa and for admission to the United States.

In this application she cited the fact that her husband and three daughters were permanent residents in the United States while she has one son remaining with her. She asserted that the bar to her admission imposed a hardship on her husband due to the fact of their imposed separation and the financial strain of his having to maintain two households.

The district director denied this application, concluding that there was in fact no hardship of any kind as a result of the bar. He found the applicant to be self-supporting in Hong Kong rather than financially supported by her husband. He further found, based on that husband's statement, that husband and wife had not seen each other in over 28 years as a result of their own voluntary decision, and that the husband had no plans to reunite with his wife if she were not admitted to the United States. He thus concluded that the existence of a marriage on paper for this extended period of time was insufficient to establish a basis for the approval of this waiver.

On appeal, the applicant contests this decision, asserting that her continued exclusion will result in extreme hardship to her husband in the United States in that he is 60 years old and has serious health problems and that he suffers from hypertension and sinus tachycardia. She claims that her son, now age 35, who lives with her, will soon immigrate to the United States based on a petition filed by the applicant's husband. She asserts that her son is mentally retarded and unable to care for himself, which will exacerbate her husband's condition. She asserts that her forced absence will work a hardship on both her husband, who will have to continue to support two households and will thus be unable to retire, and on her son, who will be deprived of adequate medical care and attention.

A waiver of bar to admission that results from section 212(a)(9) of the Act is dependent first upon a showing that the fact of the bar imposes an extreme hardship on a qualifying family member. Congress provided this waiver but limited its application. By such limitation it is evident that it did not intend that a waiver be granted merely due to the fact that a qualifying relationship existed. The key term in the provision is "extreme" and thus only in cases of great actual or prospective injury to the United States nation will the bar be removed. Common results of the bar, such as separation, financial difficulties, etc. in themselves are insufficient to warrant

246

approval of an application unless combined with much more extreme impacts. *Matter of Shaughnessy*, 12 I&N Dec. 810 (BIA 1968); *Matter of W-*, 9 I&N Dec. 1 (BIA 1960). The burden of proof in such a proceeding lies with the applicant, and while an analysis of a given application includes a review of all claims put forth in light of the facts and circumstances of a case, such analysis does not extend to discovery of undisclosed negative impacts.

In the matter at bar, many of the applicant's statements regarding the causes and extent of any hardship which would result from her exclusion are refuted by the record. The applicant now claims that her son, age 36, is severely retarded and unable to care for himself. However, the record contains a medical report wherein her son is found to be moderately retarded, able to care for himself, and able to do simple industrial work. It further notes that he has been employed in Hong Kong. The applicant's claim that the separation from her husband causes him financial hardship is refuted by the fact that she is employed in Hong Kong and is in fact self-supporting. The applicant's typification of her husband as a person with severe medical problems with no one other than his wife to look to is refuted both by the description of his medical condition and the fact that he has three adult daughters in the United States. All of these facts, when combined with a 28-year voluntary separation, establish that any hardship that will be imposed on either the applicant's husband or any of her four children, when taken either individually or collectively, falls far short of extreme. Accordingly, the decision of the district director is affirmed and the appeal will be dismissed.

**ORDER:** The appeal is dismissed.