4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry Chimezie OKPALA, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-1963.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 5, 1993.
Sept. 13, 1993.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A29-625-000)
 Thanos Kanellakos, Baltimore, Maryland, for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Alice M. King, Acting Assistant Director, Norah Ascoli Schwarz, United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 PETITION DENIED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Henry Okpala petitions for review of a decision of the Board of Immigration Appeals ("the Board") denying his application for an adjustment of status to lawful permanent residency under 8 U.S.C.A. Sec. 1255(a) (West Supp. 1993), a discretionary waiver of inadmissibility under 8 U.S.C.A. Sec. 1182(h) (West Supp. 1993), and a waiver of deportability under 8 U.S.C.A. Sec. 1182(c) (West Supp. 1993). Because we find no abuse of discretion in the Board's decision to deny a waiver of inadmissability and an adjustment of status, and find that Okpala was ineligible for a waiver of exclusion, we deny Okpala's petition.
 
 
 2
 Okpala, a native and citizen of Nigeria, has lived in the United States periodically since he first entered in 1982. In 1988, he obtained conditional lawful permanent residence status when he married an American citizen. After serving twenty-seven months in prison for crimes committed in 1989 and 1990, Okpala conceded deportability as an alien convicted of two crimes involving moral turpitude not arising out of a single criminal scheme.
 
 
 3
 In support of his applications for waiver or change in status, Okpala introduced evidence that he is employed part-time and helps support his family, including his wife's teenage son. His family's possible move to Nigeria in the event of Okpala's deportation would expose them to an unfamiliar life in a foreign land, and would result in a lower standard of medical treatment for Mrs. Okpala's son, who suffers from asthma. The immigration judge denied Okpala's applications, and the Board dismissed Okpala's appeal.
 
 
 4
 Adjustment of Status and Waiver of Inadmissibility
 
 
 5
 Okpala contends that the Board abused its discretion by failing to adjust his status to that of a lawful permanent resident, pursuant to 8 U.S.C.A. Sec. 1255(a). Section 1255(a) authorizes the Attorney General to grant an alien lawful permanent resident status if (1) he was admitted or paroled into the United States; (2) he applies for adjustment of his status; (3) he is eligible for an immigrant visa and is admissible into the United States for permanent residence; and (4) at the time he applies, an immigrant visa is immediately available to him. Decisions regarding applications for adjustment of status are vested in the discretionary authority of the Board, which may deny relief even if the objective requirements of the statute are met. See 8 U.S.C.A. Sec. 1255(a); Ka Fung Chan v. INS, 634 F.2d 248, 253 n.7 (5th Cir. 1981).
 
 
 6
 Okpala does not qualify for an adjustment of his status, because as an alien convicted of two crimes of moral turpitude, he is ineligible for a visa and is excludable from admission into the United States. 8 U.S.C.A. Sec. 1182(a)(2)(a)(i)(I). Nevertheless, Okpala argues that the Attorney General should have waived his ineligibility pursuant to 8 U.S.C.A. Sec. 1182(h).
 
 
 7
 Section 1182(h)(1)(B) gives the Board of Immigration Appeals discretion to waive the inadmissability of a deportable alien if the alien's exclusion would result in "extreme hardship" to the alien's United States citizen or permanent resident spouse, parent, or child. Okpala has no parents or children[1] who are United States citizens or permanent residents. Thus, to qualify for a waiver, he must show that his exclusion would result in extreme hardship to his American wife.
 
 
 8
 No precise test exists for determining whether extreme hardship exists under Sec. 1182(h). The applicant bears the burden of proving extreme hardship; the Board then must assess the application by reviewing all claims in the context of the relevant facts. Hassan v. INS, 927 F.2d 465, 468 (9th Cir. 1991); Matter of Ngai, 19 I. & N. Dec. 245-47 (Comm'r 1984). On appeal, this Court"may review the denial of an extreme hardship finding 'procedurally' to ensure that the alien has received full and fair consideration of all circumstances that occasion the claim,.. and may find an abuse of discretion if the board utterly failed or refused to consider relevant hardship factors." Osuchukwu v. INS, 744 F.2d 1136, 1141 (5th Cir. 1984) (footnote omitted); accord Hassan, 927 F.2d at 468. Cf. Parcham v. INS, 769 F.2d 1001, 1005 n.3 (4th Cir. 1985).
 
 
 9
 In light of the evidence that the Okpalas have experienced marital problems and have spent half their married lives either voluntarily separated or separated due to Okpala's incarceration, and the evidence of Mrs. Okpala's financial independence from her husband, we find that the Board did not exceed its discretion by concluding that Okpala failed to show extreme hardship to his wife if he was deported. Even if Okpala qualified for an exemption under Sec. 1182(h), the Board did not exceed its discretion by denying an exemption. In its decision to deny relief, the Board considered numerous factors including Okpala's educational achievements, criminal history, employment status, and the possible impact on Okpala's family, such as the hardship Mrs. Okpala would experience from a move to Nigeria due to the resulting poorer medical treatment for her asthmatic son. Okpala failed to show that the Board failed to consider any significant favorable factor, or that the Board considered any improper factor, or that the decision of the Board was not supported by the evidence. See 8 U.S.C. Sec. 1105a(a)(4) (1988); Jen Hung Ng v. INS, 804 F.2d 534, 53839 (9th Cir. 1986).
 
 Precondition for Waiver of Deportation
 
 10
 Okpala also argues that the Board and the immigration judge erred in failing to consider him for a discretionary waiver of deportation under 8 U.S.C.A. Sec. 1182(c). A prerequisite to relief under this statute is "lawful unrelinquished domicile [in the United States] of seven consecutive years." Id. In Chiravacharadhikul v. INS, 645 F.2d 248 (4th Cir.), cert. denied, 454 U.S. 893 (1981), this Court interpreted Sec. 1182(c) as requiring, as a precondition for relief, seven consecutive years of residence in the United States as a lawful permanent resident. Id. at 250; see also Borokinni v. INS, 974 F.2d 442, 446 (4th Cir. 1992). Because Okpala did not obtain lawful permanent residence status until 1988, he does not qualify for a discretionary waiver under Chiravacharadhikul.[2]
 
 
 11
 For these reasons, we deny Okpala's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED
 
 
 [1]
 Okpala acknowledges that the statute does not authorize consideration of hardship to his stepson
 
 
 [2]
 Okpala urges this Court to reconsider its holding in Chiravacharadhikul, asserting that the contrary view as expressed in Lok v. INS, 548 F.2d 37 (2d Cir. 1977), is more consistent with the plain meaning of the statute and congressional intent. Okpala does not argue that anything has occurred since the Court's decision in Chiravacharadhikul that might provide reason to revisit the issues addressed there