57 F.3d 1066
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Edward Anwuli OKOJI, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-1460.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 7, 1995.
Decided: June 19, 1995.
 
 Thanos Kanellakos, Baltimore, MD, for Petitioner.
 Frank W. Hunger, Assistant Attorney General, Nelda C. Reyna, Allen W. Hausman, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.
 Before HALL and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Edward Anwuli Okoji petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for an adjustment of status to lawful permanent residency under 8 U.S.C.A. Sec. 1255 (West 1970 & Supp.1994), and a discretionary waiver of inadmissibility under 8 U.S.C.A. Sec. 1182(h) (West 1970 & Supp.1994). Because we find no abuse of discretion in the BIA's decision to deny an adjustment of status and a waiver of inadmissibility, we deny Okoji's petition.
 
 I.
 
 2
 Okoji entered the United States as a nonimmigrant student in 1982. Okoji withdrew from college in 1987 and has not attended since that time. Beginning in 1986, Okoji committed mail fraud and credit card fraud.[1] The Immigration and Naturalization Service ("INS") then ordered Okoji to show cause why he should not be deported from the United States to Nigeria. At a hearing before an immigration judge ("IJ"), Okoji conceded deportability on the grounds that he failed to comply with the conditions of his nonimmigrant status and that he was convicted of a crime involving moral turpitude within five years of entry.[2]
 
 
 3
 In support of his applications for waiver or change in status, Okoji introduced evidence that he married an American citizen and had one child. At the time of the hearing, Okoji had started his own home improvement business that dealt with remodeling and installing alarms and security systems, but it was not currently making a profit. Although Okoji's wife contributed to the family income by working as a hotel receptionist at least forty hours per week and by working part-time in Okoji's business as a receptionist, Okoji was the principal source of support for the family. In the event of Okoji's deportation, Okoji's wife testified that she would lose their home because she could not pay the $1025 mortgage nor would she be able to pay for her son's private school tuition of $2650 per year and for educational summer camps. Okoji's wife also believed that their son could not get the same quality of education in Nigeria if they moved there with her husband. Further, she testified that she would not move to Nigeria because she had asthma and because of the risk of malaria to her son. Okoji's wife described her relationship with Okoji as fair but that her son's relationship with him was wonderful.
 
 
 4
 The IJ denied Okoji's applications because the evidence presented did not rise to the level of "extreme hardship" and ordered Okoji deported to Nigeria. The BIA dismissed Okoji's appeal, adopting without restating the reasoning underlying the IJ's conclusion that Okoji failed to establish extreme hardship.
 
 II.
 
 5
 We have jurisdiction under 8 U.S.C.A. Sec. 1105a (West 1970 & Supp.1994), to review final orders of deportation. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir.1992). Where, as here, the BIA adopted the findings and reasoning of the IJ, we have held that "if the BIA 'chooses to rely on the express reasoning of the [IJ] ..., that reasoning will be the sole basis for our review, and if we find that reasoning inadequate, we will ... reverse the holding of the [IJ].' " Gandarillas-Zambrana v. Board of Immigration Appeals, 44 F.3d 1251, 1255 (4th Cir.1995) (quoting Panrit v. Immigration & Naturalization Serv., 19 F.3d 544, 546 (10th Cir.1994)).
 
 
 6
 Okoji contends that the BIA abused its discretion in finding that no extreme hardship would result from his deportation.[3] Section 1182(h)(1)(B) gives the BIA discretion to waive the inadmissibility of a deportable alien if the alien's exclusion would result in "extreme hardship" to the alien's United States citizen spouse, parent, or child. See 8 U.S.C.A. Sec. 1182(h)(1)(B). Because no precise test exists for determining what constitutes extreme hardship under section 1182(h), we rely on interpretations of the phrase as used in suspension of deportation proceedings under 8 U.S.C.A. Sec. 1254(a)(1) (West 1970 & Supp.1994). See Palmer v. Immigration & Naturalization Serv., 4 F.3d 482, 487 (7th Cir.1993) (citing Matter of Shaughnessy, 12 I. & N. Dec. 810, 813-14 (B.I.A.1968)); Hassan v. Immigration & Naturalization Serv., 927 F.2d 465, 467 (9th Cir.1991); Osuchukwu v. Immigration & Naturalization Serv., 744 F.2d 1136, 1139-40 (5th Cir.1984); Chiaramonte v. Immigration & Naturalization Serv., 626 F.2d 1093, 1100-01 (2d Cir.1980).
 
 
 7
 The Supreme Court has held that the BIA has the authority to construe extreme hardship narrowly. Immigration & Naturalization Serv. v. Wang, 450 U.S. 139, 145 (1981). Okoji bears the burden of proving extreme hardship; the BIA then must assess the application by reviewing all claims in the context of the relevant facts. Hassan, 927 F.2d at 467-68. On appeal, we "may review the denial of an extreme hardship finding 'procedurally' to ensure that the alien has received full and fair consideration of all circumstances that occasion the claim, ... and may find an abuse of discretion if the [BIA] utterly failed or refused to consider relevant hardship factors." Osuchukwu, 744 F.2d at 1141 (footnote omitted); accord Hassan, 927 F.2d at 467-68.
 
 
 8
 In general, extreme hardship can be found only where there is a "showing of significant actual or potential injury." Hassan, 927 F.2d at 468. The record must disclose "at least hardship substantially different from and more severe than that suffered by the ordinary alien who is deported." Sanchez v. United States Immigration & Naturalization Serv., 755 F.2d 1158, 1161 (5th Cir.1985). Separation from family and financial difficulties alone are insufficient to establish extreme hardship. Palmer, 4 F.3d at 488.
 
 
 9
 We find that the IJ did not abuse its discretion in concluding that Okoji failed to establish extreme hardship to his family if INS deported him. See Osuchukwu, 744 F.2d at 1140-41. If Okoji's family stayed in the United States after Okoji's deportation to Nigeria, his wife testified that she would suffer some financial difficulties without his income to supplement her full-time earnings as a receptionist. If the family accompanied Okoji to Nigeria, Okoji's wife testified that she would suffer hardship due to the resulting poorer medical treatment for her asthma, the risk of malaria to her son, and the lower quality of education. These facts do not demonstrate hardship any more severe than that suffered by any deported alien. See Sanchez, 755 F.2d at 1161; see also Palmer, 4 F.3d at 487-89; Hassan, 927 F.2d at 467-68.
 
 III.
 
 10
 Accordingly, we deny Okoji's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 PETITION DENIED.
 
 
 
 [1]
 Okoji was convicted in 1990 and sentenced to a total of five years imprisonment with the condition that Okoji serve six months and to five years of probation with the condition that he make restitution in the amount $11,845.49
 
 
 [2]
 See 8 U.S.C.A. Secs. 1251(a)(1)(C)(i), 1251(a)(2)(A)(i) (West 1970 & Supp.1994), respectively
 
 
 [3]
 In support of his argument, Okoji cites Luna v. Immigration & Naturalization Serv., 709 F.2d 126 (1st Cir.1983), and Holley v. Immigration & Naturalization Serv., 727 F.2d 189 (1st Cir.1984). We find neither case persuasive