**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNION MCDONNY OGBOIN, a/k/a
Ebiye Union Ogboin,
<u>Petitioner,</u>

v.                                                                                No. 95-1702

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
<u>Respondent.</u>

On Petition for Review of an Order
of the Immigration and Naturalization Service.
(A28-229-933)

Submitted: November 21, 1995

Decided: August 7, 1996

Before WILKINSON, Chief Judge, and WILKINS and
NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Union McDonny Ogboin, Petitioner Pro Se. Richard Michael Evans,
Terri J. Lavi, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Union McDonny Ogboin, a native and citizen of Nigeria, came to the United States in 1984 on a tourist visa. In 1988, Ogboin married an American citizen and his status was changed to lawful permanent resident. In 1992, Ogboin pled guilty to various state and federal offenses involving credit card theft, bank fraud, and attempted grand larceny.

After serving twelve months in prison, Ogboin was released to the custody of the Immigration and Naturalization Service (INS). The INS sought to deport him as an alien convicted of two crimes of moral turpitude. 8 U.S.C.A. § 1251(a)(2)(A)(ii) (West Supp. 1995). The immigration judge (IJ) found Ogboin subject to deportation under this provision. Ogboin applied for a waiver of excludability, 8 U.S.C.A. § 1182(h) (West Supp. 1995), and for adjustment of status to permanent resident, 8 U.S.C.A. § 1255a (West Supp. 1995). After a hearing, the IJ denied these requests and ordered Ogboin deported to Nigeria. The Board of Immigration Appeals (Board) affirmed the IJ's order. Ogboin petitions this court for review.

The Board has discretion to waive the excludability of a deportable alien if that alien's exclusion would result in "extreme hardship" to a spouse, parent, or child who is a citizen or lawful permanent resi-dent. 8 U.S.C.A. § 1182(h)(1)(B). The decision to grant or deny a waiver of deportation is committed to the discretion of the Attorney General or her delegate--here, the Board--and we review the Board's decision for abuse of discretion. See Gandarillas-Zambrana v. Board of Immigration Appeals, 44 F.3d 1251, 1255 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3239 (U.S. Oct. 2, 1995) (No. 94-1720). We will uphold the Board's decision unless it is arbitrary or capricious. Casalena v. INS, 984 F.2d 105, 106 (4th Cir. 1993). The Board has authority to construe extreme hardship narrowly.

2

Immigration & Naturalization Serv. v. Jong Ha Wang , 450 U.S. 139, 145 (1981). The Board has held that the ordinary consequences of deportation are not sufficient to establish extreme hardship; the applicant must prove great actual or prospective injury to a qualifying family member. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir. 1994) (citing Matter of Ngai, 19 I & N Dec. 245, 245-247 (BIA 1984)).

In this case, Ogboin attempted to prove that deportation would cause extreme emotional and financial hardship for his wife and stepson. The IJ found that Ogboin and his wife had been separated numerous times since their marriage in 1988 because of marital discord. He found that Bridgette Ogboin is a significant provider of support for herself and her son; she and her son are healthy; she has health insurance; and she lives with her mother. The IJ acknowledged that Bridgette Ogboin will likely suffer a reduction in income upon Ogboin's departure, but found this to be no more than a common result of deportation, which alone is insufficient to constitute extreme hardship.

The Board rejected Ogboin's claim on appeal that the IJ failed to consider all of the positive factors presented in support of a waiver. We hold that this decision is not an abuse of discretion. The IJ fully assessed the evidence produced by Ogboin and the testimony at the hearing and concluded that Ogboin had not carried his burden of showing that his wife will suffer extreme hardship upon his deportation. The Board did not abuse its discretion in affirming this holding. To the extent that Ogboin seeks to challenge his deportability under 8 U.S.C. § 1251(a)(2), we conclude that he has waived this claim by failing to raise it before the Board. Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990).

We affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3