# Matter of Rasheen Stefan BEST, Respondent

*Decided by Board May 7, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in granting a waiver of inadmissibility and adjustment of status in discretion because the respondent's equities were outweighed by his serious and lengthy criminal history and lack of persuasive evidence of rehabilitation.

FOR THE RESPONDENT: Raymond Sykes, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Joanne M. Reed, Assistant Chief Counsel

BEFORE: Board Panel: GORMAN, Deputy Chief Appellate Immigration Judge; VOLKERT, Appellate Immigration Judge; MCCLOSKEY, Temporary Appellate Immigration Judge.

MCCLOSKEY, Temporary Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's July 2, 2025, decision granting the respondent's request for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h) (2024), as well as his application for adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a) (2024). The respondent, a native and citizen of Barbados, opposes the appeal. The appeal will be sustained, and the respondent will be ordered removed.

We reverse the Immigration Judge's determination that the respondent has established that his removal will result in extreme hardship to his qualifying relatives, his United States citizen wife and two children (a 9-year-old and a 15-year-old), and his lawful permanent resident mother. *See generally Matter of Ngai*, 19 I&N Dec. 245, 246–47 (Comm'r 1984) (defining extreme hardship). The Immigration Judge found that the

---

[1] Pursuant to Order No. 6937-2026, dated June 18, 2026, the Acting Attorney General designated the Board's decision in *Matter of Best* (BIA May 7, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

respondent's wife, who pays for the household's expenses, will experience financial difficulties that may cause her to be unable to afford to pay her bills, visit the respondent in Barbados, or obtain a master's degree. The Immigration Judge also observed that she would experience difficulties planning to have another child with the respondent in the event of his removal. The Immigration Judge further found that the respondent provides assistance to his mother's non-profit organization and wishes to assist her as she ages. The respondent also argued that his children would be emotionally impacted by his removal.

We acknowledge that the respondent's family will experience emotional and some financial difficulties as a result of the respondent's departure. However, the respondent has not worked since 2013, when he failed to lift the conditions on his permanent residency, and his wife has provided support for their household since that time. We conclude that the emotional and financial hardship in this case falls short of the extreme hardship required for relief under section 212(h) of the INA, 8 U.S.C. § 1182(h). *See id.* (concluding that separation and financial difficulties, without more, do not constitute extreme hardship).

We also reverse the Immigration Judge's determination that the respondent is eligible for adjustment of status and a waiver of inadmissibility as a matter of discretion. *See Matter of Mendez*, 21 I&N Dec. 296, 300 (BIA 1996) (explaining the differences between a discretion analysis in an adjustment of status case and in a waiver of inadmissibility case); *Matter of Arai*, 13 I&N Dec. 494, 495–96 (BIA 1970) (addressing general discretionary factors for adjustment of status applications). It is undisputed that the respondent has two 2017 convictions for crimes involving moral turpitude—which pertain to theft by deception and access device fraud—as well as a 2017 conviction for resisting arrest, a 2016 conviction for unlicensed operation of a motor vehicle, and a 2014 conviction for disorderly conduct. The respondent was also arrested twice as a minor and about 10 times as an adult. These arrests include offenses such as petit larceny, marijuana possession, possession of a fake identification document, and criminal possession of a firearm. The respondent's most recent arrest is for a 2023 domestic violence incident where he was charged with attempted assault, menacing, and harassment in connection with an argument he had with his wife.

Although the Immigration Judge correctly found that many of the respondent's arrests did not result in a conviction, we emphasize that criminal conduct which has not culminated in a final conviction for the purposes of the INA remain an appropriate factor to consider in a

discretionary determination. *See Matter of Thomas*, 21 I&N Dec. 20, 23 (BIA 1995). Therefore, in the absence of persuasive evidence of rehabilitation, we conclude that the respondent's equities, such as his family and community ties, length of residence in the United States, plans to establish a career in fashion, and the potential hardship to his wife, children, and mother, do not outweigh his serious and lengthy criminal history, which is a significant adverse factor. *See, e.g.*, *Matter of Mendez*, 21 I&N Dec. at 305.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's July 2, 2025, decision is vacated.

**FURTHER ORDER:** The respondent's applications for a waiver of inadmissibility under section 212(h) of the INA, 8 U.S.C. § 1182(h), and adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1225(a), are denied.

**FURTHER ORDER:** The respondent is ordered removed to Barbados based on the charge contained in the notice to appear.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).